WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leigh Bennett, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>First American Property & Casualty Insurance Company, et al.,<br><br>               Defendants. | No. CV-15-08003-PCT-JAT<br><br>**ORDER** |

Before the Court are Plaintiff's Motion to Remand, (Doc. 25), and motions to sever by Defendants American Strategic Insurance, Country Mutual Insurance Company Incorporated, Pharmacists Mutual Insurance Company, Farm Bureau Property and Casualty Company, and Allstate Insurance Company (collectively, "Removing Defendants"). (Docs. 19, 21, 22, 30, 40). The Court now rules on the motions.

**I.  Background**

This case involves insurance-related claims by sixteen plaintiffs against fourteen defendants. The claims all center on a January, 2013 fire in Yarnell, Arizona that destroyed Plaintiffs' homes. Removing Defendants are insurance companies that insured Plaintiffs' homes at the time of the fire.

The state court granted motions to sever submitted by Removing Defendants.

(Doc. 1-1, Exh. D). Apparently, however, the state court did not assign separate case numbers to the severed cases before Removing Defendants removed their cases to federal court. (Doc. 19-1, Exh. A). As a result, when Removing Defendants removed, the cases were removed together as though no severance had taken place. (*Id.*).

Removing Defendants request that this court "administratively" sever their cases to match the order issued by the state court. (Docs. 19, 21, 22, 30, 40). Specifically, they request that, in accordance with the state court order, certain parties be allowed to litigate their claims separate from the cases to which they were joined, as follows:

- Plaintiff Michael Manone v. Defendant Farm Bureau Property and Casualty Company (Doc. 1-1, Exh. D; Doc. 1-1 at 54)
- Plaintiffs Laurie and Kenneth Colvin v. Defendant American Strategic Insurance (Doc. 1-1, Exh. D; Doc. 9-2 at 133-34)
- Plaintiff Bobby Lewis v. Defendant Allstate Insurance Company (Doc. 1-1, Exh. D; Doc. 9-3 at 55)
- Plaintiffs Shelli and Norbert Laskowski v. Defendant Pharmacists Mutual Insurance Company (Doc. 1-1, Exh. D; Doc. 1-5 at 6)
- Plaintiffs Judy and Thomas Columbus v. Defendant Country Mutual Insurance Company Incorporated (Doc. 1-1, Exh. D; Doc. 13-1, Exh. D at 6)

After the cases were removed, Plaintiffs moved to remand, stating that they intend to amend their complaint to join Removing Defendants' claims adjusters as defendants. Plaintiff contends that the claims adjusters are Arizona residents and will therefore destroy diversity, divesting the Court of jurisdiction.[1]

**II. Discussion**

**A. Motions to Sever**

Federal courts must give full faith and credit to orders issued by state courts. 28 U.S.C. § 1738. This means that the state court decision at issue must be given the

---

[1] Defendants contend that the Court has jurisdiction under 28 U.S.C. §§ 1441(b) and 1332(a)(1), the removal and diversity jurisdiction statutes.

same effect that it would have in the courts of the state from which the decision emerged. *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982).

Plaintiffs' briefs in opposition to Removing Defendants' motions to sever do not address the issue of preclusion, and instead attempt to re-litigate the severance and joinder issues clearly decided by the state court before removal. This is precisely what 28 U.S.C. § 1738 is intended to prevent. *See Kremer*, 456 U.S. at 466 n.6. The Court will therefore give full faith and credit to the state court's decision to sever Removing Defendants' cases, and the cases shall be litigated separately.

The Court notes that there are plaintiffs and defendants from the state court cases that were removed to this Court despite not being included in Removing Defendants' cases; specifically, Plaintiffs Eugene Criner, Elmo Criner, Kevin O'Donnell, Samuel Peer, and Marvel Peer, and Defendants First American Property and Casualty Insurance Company, State Auto Insurance Company, American Commerce Insurance Company, Nathaniel Edmands, Maggie Edmands, Milbank Insurance Company, and Travelers Commercial Insurance Company. These plaintiffs and defendants have not been removed and must be remanded. To the extent that the state court is treating these plaintiffs and defendants as having been removed, this Order shall serve as a remand of their cases to continue state court proceedings.

### B. Motion to Remand

Plaintiffs rest their motion to remand entirely on the representation that once remanded, "Plaintiffs will move to file a Fourth Amended Complaint naming as Defendants' Arizona agents and claims adjusters." (Doc. 25 at 2, 6). Because the claims adjusters are Arizona residents, Plaintiffs argue their presence as defendants will destroy diversity and therefore require remand. Importantly, Plaintiffs do not argue that under the Third Amended Complaint, the operative complaint now and at the time of removal, removal was improper.

"[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l*

- 3 -

*Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (citing *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1488 (10th Cir. 1991)). In *Sparta*, the plaintiff filed an amended complaint in state court after removal, and the court refused to consider the amended complaint when it denied the plaintiff's motion to remand. *Id.* at 1213.

In light of *Sparta*, the Court cannot consider Plaintiff's unfiled Fourth Amended Complaint. Accordingly, because Plaintiffs' motion to remand depends entirely on the joinder of Removing Defendants' agents to the current complaint, Plaintiffs' Motion to Remand must be denied.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Removing Defendants' motions to sever, (Docs. 19, 21, 22, 30, 40), are **GRANTED**. The Clerk of the Court shall assign separate case numbers to the notices of removal at docket numbers 7, 9, 10, and 13. This Court will retain this case, but the Clerk of Court shall assign the remaining cases to other judges within the District using the random draw. The parties in those cases shall be as follows:

- Plaintiffs Laurie and Kenneth Colvin v. Defendant American Strategic Insurance (Notice of Removal at Doc. 7)
- Plaintiff Bobby Lewis v. Defendant Allstate Insurance Company (Notice of Removal at Doc. 9)
- Plaintiffs Shelli and Norbert Laskowski v. Defendant Pharmacists Mutual Insurance Company (Notice of Removal at Doc. 10)
- Plaintiffs Judy and Thomas Columbus v. Defendant Country Mutual Insurance Company Incorporated (Notice of Removal at Doc. 13).

**IT IS FURTHER ORDERED** that Plaintiffs Eugene Criner, Elmo Criner, Kevin O'Donnell, Samuel Peer, and Marvel Peer, and Defendants First American Property and Casualty Insurance Company, State Auto Insurance Company, American Commerce Insurance Company, Nathaniel Edmands, Maggie Edmands, Milbank Insurance Company, and Travelers Commercial Insurance Company are remanded to state court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 25) is **DENIED**.

Dated this 1st day of May, 2015.

James A. Teilborg
Senior United States District Judge